NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re:

TONY RONELL COOPER, JR.

        Debtor.

---------------------------------------------------------------x

Chapter 13

Case No. 24-35482 (KYP)

**MEMORANDUM DECISION GRANTING MOTION OF EASTMAN & BIXBY REDEVELOPMENT CO., LLC FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY IN THIS CASE AND ANY FUTURE CASES FILED BY THE DEBTOR FOR SUCCESSIVE BAD FAITH FILINGS**

**APPEARANCES:**

GENOVA, MALIN & TRIER, LLP
*Attorneys for Eastman & Bixby Redevelopment Co., LLC*
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
By:    Andrea B. Malin, Esq.
          Michelle Trier, Esq.
             Of Counsel

TONY RONELL COOPER, JR.
*Pro Se*
55 Mansion St.
Suite 4847
Poughkeepsie, New York 12602

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION**

Eastman & Bixby Redevelopment Co., LLC ("Landlord") has moved[1] for an order (i) confirming that the automatic stay under 11 U.S.C. § 362(a) does not apply to its ongoing efforts to evict the debtor Tony R. Cooper, Jr. ("Debtor") from premises located at 21 Charles Street, Unit 12C, Poughkeepsie, New York 12601 ("Premises"),[2] or, alternatively, (ii) granting relief from the automatic stay in this case as well as future bankruptcy cases commenced by the Debtor. For the reasons stated, the branch of the Motion seeking confirmation that the eviction proceeding is not subject to the automatic stay is GRANTED.

**JURISDICTION**

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* (M-431), dated January 31, 2012 (Preska, C.J.) referring bankruptcy cases and proceedings to the Bankruptcy Judges of the Southern District of New York. This is a core proceeding under 28 U.S.C. § 157(b).

---

[1] *See Motion of Eastman & Bixby Redevelopment Co., LLC for an Order Confirming that the Automatic Stay Under 11 U.S.C. § 362(a) Does Not Apply or in the Alternative Granting Relief from the Stay in this Case and any Successive Case Filed by the Debtor Pursuant to 11 U.S.C. §§ 362(b), 362(b)(22), 362(b)(23), 362(d)(1), 362(l), 362(m) for Successive Bad Faith Filings*, dated Aug. 13, 2024 ("Motion") (ECF Doc. # 33). *See also Memorandum of Law in Support of Motion*, dated Aug. 13, 2024 ("Landlord Brief") (ECF Doc. # 33-2). "ECF Doc. # _" refers to documents filed on the electronic docket of this bankruptcy case. References to documents filed on the electronic docket of a different case will include the case number of such case. "ECF p. _" refers to the page number imprinted across the top of the page by the Court's electronic-filing system.

[2] The docket lists a different address for the Debtor: 55 Mansion St., Suite 4847, Poughkeepsie, New York 12602. The bankruptcy petition (ECF Doc. # 1) provides that the Debtor presides at the Charles Street address but receives mail at the Mansion Street address.

2

**BACKGROUND**

A.  **The Lease and the City Court Proceeding**

The Landlord is the owner of the Premises. (*Affidavit of Gladys White*, signed Aug. 1, 2024 at ¶ 2 (ECF Doc. # 33-3).) On or about February 1, 2019, the Debtor signed a one-year lease ("Lease")[3] for the Premises under which the Debtor agreed to pay a monthly rent of $948.00. (Lease § 3.) The term of the Lease ended on January 31, 2020, but the Lease provided that the Landlord may continue to charge the Debtor for use and occupancy in the event the Debtor had not moved out of the Premises at the end of the lease term. (*Id*. § 9.B.) Further, if the Debtor defaulted on the Lease, the Lease provided that he must pay (i) a holdover fee of $300.00 per month (*id*. § 18.A), (ii) the monthly rent less any amounts collected by the Landlord under a subsequent lease of the Premises (*id*. § 18.C.1), and (iii) the Landlord's expenses, including attorney's and broker's fees, as well as costs associated with putting the Premises in good condition for re-rental. (*Id*. § 18.C.2.)

On or about August 9, 2023, the Landlord served on the Debtor a Notice of Petition to Recover Real Property filed in a proceeding styled *Eastman & Bixby Redevelopment Co., LLC v. Tony Cooper & Netaphia Burke*, Index No. LT-001063-23/PO in the City Court of the City of Poughkeepsie, County of Duchess, State of New York ("City Court Proceeding").[4] The notice provided that the Debtor and Ms. Burke owed $9,913.00 in back rent and scheduled a hearing on the Landlord's petition for August 30, 2023. On January 26, 2024, a judgment was entered in favor of the

---

[3]    A copy of the Lease is attached to the Motion as Exhibit A.

[4]    A copy of this notice of petition is attached to the Motion as Exhibit B.

Landlord in the City Court Proceeding awarding the Landlord possession of the Premises as well as a monetary judgment in the total amount of $14,724.00 ("City Court Judgment").[5] On the same day, a warrant of eviction was issued to the Sheriff of Dutchess County authorizing the removal the Debtor and Ms. Burke from the Premises ("Warrant of Eviction").[6] On February 15, 2024, the Sheriff served a notice of eviction on the Debtor instructing him to vacate the Premises by February 29, 2024 ("Notice of Eviction").[7]

**B.    The Debtor's Bankruptcy Cases**

The instant bankruptcy petition is not the Debtor's first petition filed in this Court. On August 28, 2023 (two days prior to the August 30 hearing in the City Court Proceeding), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in this Court. *See In re Tony Ronell Cooper, Jr.*, Case No. 23-35722 (Bankr. S.D.N.Y.). In that case, Debtor failed to file numerous schedules and statements as required by section 521(a)(1) of the Bankruptcy Code, and the Court scheduled a hearing to consider dismissal of the case for these deficiencies. (ECF Case No. 23-35722 Doc. # 4.) The Debtor failed to cure these deficiencies, the Court dismissed the case at an October 24, 2023 hearing, and entered a corresponding dismissal order on October 25, 2023 citing 11 U.S. C. § 521(i)(1).[8] (ECF Case No. 23-35722 Doc. # 15.)

---

[5]    A copy of the City Court Judgment is attached to the Motion as Exhibit C.

[6]    A copy of the Warrant of Eviction is attached to the Motion as Exhibit D.

[7]    A copy of the Notice of Eviction is available at ECF Doc. # 4 at p. 2 of 4.

[8]    Section 521(i)(1) of the Bankruptcy Code provides for the automatic dismissal of an individual debtor's voluntary case under Chapter 7 or 13 if the debtor fails to file all of the information required under section 521(a)(1) within 45 days of the petition date.

4

The Debtor filed another Chapter 7 bankruptcy petition on February 27, 2024 (two days prior to the eviction date noted in the Notice of Eviction). *See In re Tony Ronell Cooper, Jr.*, Case No. 24-35189 (Bankr. S.D.N.Y.). Similar to the first bankruptcy case, the Debtor failed to file all of the documents required by 11 U.S.C. § 521(a)(1), the Court scheduled a hearing to dismiss the case (ECF Case No. 24-35189 Doc. # 10), and dismissed the case pursuant to 11 U.S.C. § 521(i)(1) on April 17, 2024. (ECF Case No. 24-35189 Doc. # 14.) The Debtor moved to reopen the case ("Motion to Reopen") (ECF Case No. 24-35189 Doc. # 19), but the Court denied that motion at a May 14, 2024 hearing (*see* ECF Case No. 24-35189 Doc. ## 25 & 29) citing the Court's lack of discretion under the applicable statute. *See* 11 U.S.C. § 521(i)(1) (providing that the bankruptcy "case shall be automatically dismissed" on the 46th day after the petition date if the debtor has failed to file all required information).

On May 15, 2024 (one day after the Court denied the Motion to Reopen), the Debtor filed the instant bankruptcy petition, this time under Chapter 13 of the Bankruptcy Code. The Debtor filed with his petition a certification ("First Certification") representing that he had given a deposit for the rent that would be due within the 30-day period following the petition date to the Bankruptcy Court Clerk. (*See* ECF Doc. # 4.) On June 11, 2024, the Clerk docketed a notice stating that the Debtor submitted to the Clerk a money order in the amount of $948.00 payable to the Landlord ("First Money Order"). (ECF Doc. # 17.)[9] On or around June 17, 2024, the Debtor sent another money order in the amount of $948.00 directly to the Landlord ("Second Money Order") and filed a second certification ("Second Certification") representing, among

---

9   The First Money Order was forwarded to the Landlord on or about June 27, 2024. (*See Notice of Rent Deposit Forwarded to Landlord*, dated June 27, 2024 (ECF Doc. # 24).)

5

other things, that he had paid the Landlord "the entire amount" owed "as stated in the judgment of possession (*eviction judgment*)." (*See* ECF Doc. # 23 (emphasis in original).)[10]  On August 30, 2024, the Debtor filed a document indicating that a third money order in the amount of $948.00 ("Third Money Order") was being sent to the Landlord. (*See* ECF Doc. # 45.)

**C.    The Landlord's Motion**

The Landlord filed the Motion on August 13, 2024. The Motion requested confirmation that the automatic stay does not apply to the continuation of the Landlord's eviction efforts pursuant to 11 U.S.C. § 362(b)(22), and that the Debtor has failed to meet the requirements to remain in the Premises under 11 U.S.C. § 362(*l*). (Landlord Brief at 2-3.) The Landlord further argued that the Debtor has filed his three bankruptcy petitions in bad faith, and the Court should enter an order finding that the automatic stay does not apply to the Landlord's eviction efforts if the Debtor files further bankruptcy petitions. (*Id.* at 3-11.) The Landlord contemporaneously moved to shorten the notice period for the Motion citing the history of the Debtor's bankruptcy filings and the need for the Landlord to regain possession of the Premises.[11] The Court granted the Motion to Shorten Notice and entered an order on August 14 scheduling the hearing for August 27 and giving the Debtor until August 22 to file a response to the Motion. (*See*

---

[10]     It is unclear from the record if the Second Money Order was re-sent to the Landlord on July 12, 2024. (*See* ECF Doc. # 25.)

[11]     *See Motion to Schedule Expedited Hearing and to Shorten Notice for Creditor's Motion for an Order Confirming that the Automatic Stay Does Not Apply or in the Alternative Granting Relief from the Automatic Stay in this or any Successive Case Filed by the Debtor Pursuant to 11 U.S.C. §§ 362(b), 362(b)(22), 362(b)(23), 362(d)(1), 362(l) and 362(m) Due to Bad Faith Filings*, dated Aug. 13, 2024 ("Motion to Shorten Notice") (ECF Doc. # 34).

6

*Order Scheduling Expedited Hearing and Shortening Notice*, dated Aug. 14, 2024 (ECF Doc. # 35).)

The Debtor filed a timely objection to the Motion on August 22, 2024 ("Objection"). (ECF Doc. # 37.) According to the Debtor, the instant bankruptcy case, as well as the prior two bankruptcy cases, were filed with the good-faith intention to address his financial difficulties. (Objection ¶ 7.) He further stated that his financial situation has improved since the prior bankruptcy filings and that he is cooperating with the Chapter 13 trustee in this case. (*Id.* ¶ 8.) Last, the Debtor objected to the Motion to Shorten Notice asserting that the Landlord has failed to demonstrate good cause and the Debtor is prejudiced by the shortening of the notice period. (*Id.* ¶¶ 4-6.)

The Court held a hearing on August 27, 2024. To address the Debtor's objection to the Motion Shortening Notice, the Court permitted the Debtor to file a supplemental objection, which the Debtor filed on August 30 ("Supplemental Objection"). (ECF Doc. # 44.) In the Supplemental Objection, the Debtor reiterated that his bankruptcy petitions were filed in good faith. Further, the Debtor asserted that the Landlord has been inconsistent in its calculation of the outstanding amount owed.[12]

## DISCUSSION

### A.     The Eviction Proceedings Are Not Stayed

The filing of a bankruptcy petition operates as a stay, applicable to all entities, of, *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Exceptions to the automatic stay are enumerated in 11 U.S.C. § 362(b), and

---

[12]     The Debtor, who is appearing *pro se*, framed this argument as an objection to the Landlord's proof of claim. But, as of this writing, the Landlord has not filed a proof of claim in this bankruptcy case.

7

subparagraph (22) provides that the filing of a bankruptcy petition does not operate as a stay:

> of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

11 U.S.C. § 362(b)(22). Put simply, "[t]he default rule is that the automatic stay does not apply to eviction proceedings where the lessor obtained a judgment for possession prior to the petition date." *In re Williams*, 646 B.R. 399, 402 (Bankr. S.D.N.Y. 2022).

Section 362(*l*) of the Bankruptcy Code provides a limited exception to the default rule. Under that section, the debtor is granted a 30-day stay if they file a certification under penalty of perjury that (i) the debtor would be permitted, under nonbankruptcy law, to cure the default giving rise to the judgment of possession, and (ii) the debtor has deposited with the court clerk rent that would become due during the 30-day period following the filing of the bankruptcy petition. 11 U.S.C. § 362(*l*)(1). To extend the stay beyond the 30-day period, the debtor must, within that 30-day period, file a further certification under penalty of perjury stating that they have cured "the entire monetary default that gave rise to the judgment under which possession is sought by the lessor . . . ." 11 U.S.C. § 362(*l*)(2). If the debtor fails to timely file the certifications outlined in section 362(*l*)(1) or (2), the default rule set forth in section 362(b)(22) "shall apply immediately" and "relief from stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(*l*)(4)(A); *see also In re Benton*, Case No. 24-10834 (JLG), 2024 WL 3285901, at *5 (Bankr. S.D.N.Y. July 2, 2024).

8

Here, the Debtor has not satisfied the requirements of section 362(*l*). Assuming that the filing of the First Certification and payment of the First Money Order to the Clerk satisfied section 362(*l*)(1), the Debtor nonetheless failed to cure the monetary default as required by section 362(*l*)(2). As discussed, the monetary default set forth in the January 26, 2024 City Court Judgment was $14,724.00. The Second Money Order, which accompanied the Second Certification, was in the amount of $948.00. Therefore, the Debtor failed to satisfy section 362(*l*)(2). Even if the Court considered the Third Money Order for $948.00 paid after the statutory timeframe, the Debtor would still fall far short of satisfying the City Court Judgment. Since the Debtor has failed to meet the requirements of section 362(*l*), the default rule under section 362(b)(22) applies, and the Landlord's eviction efforts are not stayed.

The automatic stay does not apply in this case for a second reason. Under 11 U.S.C. § 362(c)(4)(A), the automatic stay does not go into effect "if a . . . [bankruptcy] case is filed by . . . a debtor who is an individual . . . and if 2 or more . . . cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) . . . ." As set forth above, prior to the filing of the instant bankruptcy case on May 15, 2024, the Debtor had filed two Chapter 7 bankruptcy cases within the previous year, and both cases were dismissed pursuant to 11 U.S.C. § 521(i)(1) for failure to submit required documents. Under these circumstances, a party in interest may request, within thirty days of the petition date, that the Court apply the stay, and the Court may grant such request if the moving party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(4)(B). No timely motion was made.

9

Thus, the automatic stay does not apply in this case by operation of section 362(c)(4)(A) of the Bankruptcy Code.

**B.     Application of the Automatic Stay to Future Cases**

The title of the Landlord's Motion stated that it sought alternative relief in the form of an order lifting the automatic stay in this case and any future bankruptcy cases commenced by the Debtor. In reviewing the Motion and the Landlord Brief, however, the relief that the Landlord actually seeks is an order confirming that the stay does not apply in any future bankruptcy case commenced by the Debtor. (*See* Landlord Brief at Point II.) According to the Landlord, the Court can infer bad faith on the part of the Debtor because the bankruptcy petitions were strategically timed to frustrate the Landlord's eviction efforts, and the Debtor has not made a good faith effort to prosecute any of the bankruptcy cases. The Debtor responded that each bankruptcy was commenced in good faith, and he is now in a better financial position to prosecute this Chapter 13 case. (Objection ¶¶ 7-8.)

"Serial filings are a badge of bad faith, as are petitions filed to forestall creditors." *In re Wenegieme*, No. 17-CV-2100 (RJS), 2018 WL 9536800, at *3 (S.D.N.Y. Jan. 9, 2018) (quoting *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995)); *accord Casse v. Key Bank Nat'l Ass'n* (*In re Casse*), 198 F.3d 327, 332 (2d Cir. 1999). However, the Landlord's request here is imprecise. In any future bankruptcy case filed by the Debtor, the Landlord's eviction efforts will not be stayed pursuant to the default rule set forth in 11 U.S.C. § 362(b)(22), and perhaps, as was the case here, by 11 U.S.C. § 362(c). Thus, an order finding that the automatic stay does not apply in future bankruptcies to the Landlord's eviction is unnecessary.

**CONCLUSION**

For the reasons stated, the branch of the Motion seeking confirmation that the automatic stay does not apply to the Landlord's eviction is GRANTED, and the Landlord shall return the First and Second Money Orders (and to the extent it is in their possession, the Third Money Order) to the Debtor within ten days.  Any arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected.  Counsel to the Landlord shall submit a proposed order via the Court's eOrders system consistent with this Memorandum Decision.



**Dated: September 4, 2024**
**Poughkeepsie, New York**

/s/ Kyu Y. Paek
_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**